UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                                            Case No. 19-cr-20307

v.                                                      Hon. Nancy G. Edmunds

Kedar Salter,

    Defendant.
_____/

## Government's Sentencing Memorandum

Salter is a felon with gang ties who possessed a firearm at a drug house and thereafter obstructed this prosecution by absconding for nearly a year. The probation department calculated the guideline range at 30 to 37 months. That calculation included a stolen-firearm enhancement that the government agreed not to seek given conflicting accounts about how Salter acquired the subject firearm. Without that enhancement, the guideline range is 24 to 30 months. Consistent with the plea agreement, the government asks this Court to sentence Salter to the bottom of that range. Such a sentence is sufficient but not greater than necessary to fulfill the purposes of sentencing.

I.  **Facts and Procedural History**

This case began when ATF agents received intelligence that Kedar Salter and Ray Battles, both convicted felons, were armed and selling drugs out of a house on Blackmoor Street in Detroit. (PSR ¶ 19). Salter was at the Blackmoor residence when law enforcement executed a search warrant there in late August 2018. (PSR ¶ 21). Contraband recovered included opioid pills, crack cocaine, marijuana, ammunition, and multiple firearms. (PSR ¶ 21). As relevant here, a Taurus G2C 9mm pistol was found in a bag that had been tossed from a living room window. (PSR ¶ 21). Security footage recovered from the Blackmoor residence shows Salter standing on the porch holding what appears to be the Taurus firearm, about a week before the search. (PSR ¶ 25).

Salter was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (PSR ¶ 7). Over the government's objection, he was released on bond, with conditions of home confinement and a tether. (PSR ¶ 15). But bond was later revoked when Salter failed to report to pretrial services and his whereabouts became unknown. (PSR ¶ 17; ECF No. 23, PgID.53–54). He was an absconder for nearly a

year before the Detroit Fugitive Apprehension Team located him. (PSR ¶ 35; ECF No. 47, Response to Bond Motion, PgID.198).

Salter has since pleaded guilty to knowingly possessing the Taurus firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as charged in the superseding information. (PSR ¶ 13). In the Rule 11 plea agreement, the parties agreed to recommend a two-level enhancement for obstructing or impeding the administration of justice. *See* USSG § 3C1.1; (ECF No. 69, PgID.332). The government agreed to recommend that Salter receive a three-level reduction to his offense level for acceptance of responsibility. (ECF No. 69, PgID.331–32). The government also agreed to recommend that Salter's sentence of imprisonment not exceed the bottom of the guideline range determined by the Court. (ECF No. 69, PgID.334).

## II. The Guideline Range

The probation department calculated Salter's guideline range at 30 to 37 months. (PSR ¶ 74). That calculation included a stolen-firearm enhancement, based on a confidential witness's statement that Salter robbed him of the Taurus firearm. (PSR ¶ 32). Salter, while admitting that he acquired and possessed the firearm at the Blackmoor residence,

3

denies that he stole it. His position is that the confidential witness lost the firearm in a dice game. (ECF No. 35, Motion for Bond and to Suppress Testimony, PgID.105). Given the conflicting accounts, the government agreed not to seek the stolen-firearm enhancement and believes the guideline range should instead be 24 to 30 months.

### III. Sentencing Factors under 18 U.S.C. § 3553(a)

The instant offense is serious. Knowing that he was a convicted felon, Salter possessed a firearm at a drug house, and that firearm was tossed out the window in an apparent effort to conceal it from law enforcement. Salter's history includes ties to a gang—the Head Banger Bloods. Consistent with that gang's historic activities, Salter's past crimes include home invasion and unarmed robbery. His criminality has left him without a high school diploma or any verifiable employment, though he did earn his GED while incarcerated. He has consistently performed poorly under supervision, including absconding in this case. This information supports the recommended sentence of 24 months in prison. 18 U.S.C. § 3553(a)(1).

Such a sentence will also reflect the seriousness of the offense, promote respect for the law, and provide just punishment. It accounts

for Salter's status as a felon, his criminal history, and his obstruction of justice while also recognizing that he has accepted responsibility by pleading guilty. 18 U.S.C. § 3553(a)(2)(A).

There is a significant need for deterrence here. Salter's 2010 sentence for home invasion dragged on for almost eight years, during which he was in and out of custody. Just months after finally being discharged from parole in that case, he committed this offense. And before he was indicted here, he committed unarmed robbery, for which he is currently serving an indeterminate sentence of one to fifteen years in state custody. A federal prison sentence of 24 months would be a longer continuous stretch of incarceration—and therefore a stronger deterrent—that he has received in the past and would hopefully deter him and others from engaging in similar crimes in the future. 18 U.S.C. § 3553(a)(2)(B).

The community needs protecting as well. Salter, a convicted felon with gang ties, possessed a gun at a drug house where controlled substances, ammunition, and multiple firearms were found—a dangerous set of circumstances. The community will be protected from Salter while he is incarcerated. 18 U.S.C. § 3553(a)(2)(C). During that

time, he would benefit from available educational and vocational opportunities in prison to better prepare him for re-entry into the community. 18 U.S.C. § 3553(a)(2)(D).

## IV. Conclusion

For all these reasons, the government believes the guideline range is 24 to 30 months and that a sentence of 24 months is sufficient but not greater than necessary to achieve the purposes of sentencing.

                                      Respectfully submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      *s/Jessica V. Currie*
                                      Jessica V. Currie
                                      Assistant U.S. Attorneys
                                      211 W. Fort St., Suite 2001
                                      Detroit, MI  48226
                                      (313) 226-9531
                                      jessica.currie@usdoj.gov

Dated: September 21, 2022

## CERTIFICATE OF SERVICE

I certify that on September 21, 2022, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

*s/Jessica V. Currie*
Jessica V. Currie
Assistant U.S. Attorney
